Filed 2/13/26  P. v. Williams CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>GARY W. WILLIAMS,<br><br>        Defendant and Appellant. | B345652<br><br>(Los Angeles County<br>Super. Ct. No. SA073548) |

APPEAL from an order of the Superior Court of Los Angeles County, William L. Sadler, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Gary W. Williams appeals from the trial court's order rejecting the recommendation of the Secretary of the Department of Corrections and Rehabilitation (CDCR) for recall and resentencing under former Penal Code[1] section 1170, subdivision (d) (§ 1172.1).[2]

In 2011, the jury found Williams guilty of two counts of burglary (§ 459) and three counts of robbery (§ 211). The jury found true firearm use allegations in all five counts. (§ 12022, subd. (a)(1).)

At sentencing, Williams requested that the trial court dismiss two prior serious or violent felony convictions alleged under the Three Strikes law. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).) The court struck one of Williams's prior strike convictions and sentenced him to 24 years in state prison.

In 2020, the CDCR filed a letter with the trial court recommending that Williams's sentence be recalled and that he be resentenced pursuant to former section 1170, subdivision (d). The CDCR's recommendation was based upon an amendment to section 1385, which gives trial courts discretion to strike a prior serious felony conviction enhancement (§ 667, subd. (a)(1)) for purposes of enhancement, or to strike punishment for the enhancement. The trial court declined to exercise its discretion

---

[1] All further statutory references are to the Penal Code.

[2] Effective January 1, 2022, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1–7) amended the recall provisions in section 1170, subdivision (d), and moved them to new section 1170.03. Effective June 30, 2022, section 1170.03 was renumbered section 1172.1, with no change in text (Stats. 2022, ch. 58, § 9).

to recall and resentence Williams.  Williams timely appealed. Another panel of the Court of Appeal reversed the trial court's ruling and remanded the matter for a hearing.

On July 23, 2024, appointed counsel filed on Williams's behalf a motion for resentencing following the CDCR's request for reduction of sentence pursuant to section 1172.1.  The People opposed the motion.

The court held a hearing and, on April 18, 2025, denied the petition because the court found that Williams posed a current unreasonable risk of danger to commit a superstrike within the meaning of sections 1170.18, subdivision (c) and 667.

Williams appealed, and this court appointed counsel to represent him.  After examining the record, Williams's attorney filed an opening brief raising no issues and asking that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), including conducting a full independent review of the record.  We invited Williams to file a supplemental brief.

Williams submitted a 2-page letter brief in response.  We limit our consideration to the issues raised in Williams's brief. (See *Delgadillo, supra,* 14 Cal.5th at p. 232 [where a defendant's attorney finds no arguable issues in an appeal from the denial of a resentencing petition and the defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the question of whether to conduct an independent review of the entire record is "wholly within the court's discretion"].)

In his supplemental brief, Williams requests that this court strike his five-year a prior serious felony conviction enhancement (§ 667, subd. (a)(1)).  He provides no substantive argument in support of his request.

The amendments to former section 1170, subdivision (d)(1) specify the procedural protections that must be afforded to a defendant that the CDCR has recommended for resentencing, and instruct courts that there shall be a presumption in favor of recall and resentencing of the defendant.  (§ 1172.1, subds. (a)(6), (8) & (b)(1)–(2).)  That presumption may be overcome if the trial court finds "the defendant currently poses an unreasonable risk of danger to public safety, as defined in subdivision (c) of [s]ection 1170.18."  (§ 1172.1, subd. (b)(2).)

Here, the trial court found that Williams currently poses an unreasonable risk of danger to public safety based on his current offenses committed when he was 53 years old, his prior commission of a brutal kidnaping and rape of a minor when he was 39 years old, and the lack of evidence that Williams would be physically unable to commit a superstrike offense.

The trial court did not err in denying Williams's petition.

## DISPOSITION

The superior court's order declining to follow the CDCR's recommendation for recall and resentencing is affirmed.


MOOR, J.


WE CONCUR:



HOFFSTADT, P. J.            BAKER, J.


4